IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**CHARLES EDWARD JONES, SR.**                                                           **PETITIONER**
ADC #144544

v.                              CASE NO.: 5:15CV00200 JLH/BD

**WENDY KELLEY, Director,**
Arkansas Department of Correction                                              **RESPONDENT**

## RECOMMENDED DISPOSITION

**I**.     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. Any party may file written objections with the Clerk of Court within fourteen (14) days of filing of this Recommendation. Objections must be specific and must include the factual or legal basis for the objection.

By not objecting, you may jeopardize any right to appeal questions of fact; and if no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record.

**II.**    **Background**

On April 22, 2009, a Pulaski County jury found petitioner Charles Edward Jones guilty of four counts of rape. As a result, he received four consecutive terms of 40 years' imprisonment in the Arkansas Department of Correction. *Jones v. State*, No. CACR 09-990, 2010 Ark. App. 324, 2010 WL 1509491, at *1. Mr. Jones filed a number of appeals and postconviction petitions with the State courts challenging the convictions.

On January 13, 2012, Mr. Jones filed a federal petition for writ of habeas corpus under 28 U.S.C. § 2254. See *Jones v. Hobbs*, 5:12CV19-JLH (E.D.Ark. dismissed May 21, 2012). In the petition, he challenged his four 2009 rape convictions. *Id.* at docket entry #2. On May 21, 2012, the district court dismissed Mr. Jones's petition with prejudice. *Id*. at #27 and #28. After dismissal, the Eighth Circuit Court of Appeals dismissed Mr. Jones's appeal and denied his application for certificate of appealability. *Id*. at #40. Since that dismissal, Mr. Jones has filed at least three motions for relief from the judgment, which the district court has denied. *Id.* at #43, #44, #53, #54, #63, and #64.

On June 17, 2015, Mr. Jones filed the pending petition, challenging the same 2009 rape convictions he challenged in his previous federal habeas petition. (#2) He raises substantially the same grounds as those he raised in the previous federal petition. This is an unauthorized second or successive habeas petition. For that reason, the Court should DENY and DISMISS Mr. Jones's pending petition, without prejudice.

## III. Discussion

This Court lacks jurisdiction to rehear to Mr. Jones's challenge to his rape convictions. As noted, Mr. Jones has already challenged these convictions through an earlier federal habeas petition. *Jones v. Hobbs*, 5:12CV19-JLH (E.D.Ark. dismissed May 21, 2012).

Before filing a second or successive habeas corpus petition in district court, a petitioner must seek and receive an order from the appropriate court of appeals

authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Authorization is required even where the petitioner claims actual innocence. 28 U.S.C. § 2244(b)(2)(B)(i)-(ii).

Without an order from the court of appeals authorizing the filing of a second or successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[1] Summary dismissal of the petition–prior to any answer or other pleading being filed by the respondent–is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

Here, the pending petition is "successive" because Mr. Jones filed a previous petition raising the same issues and challenging the same convictions. (#2) There is nothing in the record to indicate that Mr. Jones sought and received authorization from the court of appeals before filing this petition. And without permission from the Court of Appeals, the district court cannot consider this case. 28 U.S.C. § 2244(b)(1)-(3)(A).

## IV.  Conclusion

The Court recommends that Judge Holmes DENY and DISMISS Charles Edward Jones's pending petition for writ of habeas corpus, without prejudice, for lack of

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

jurisdiction. The Court further recommends that Judge Holmes deny a certificate of appealability.

DATED this 14th day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE